IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Magistrate No. 25-2079 |
| DARWIN ALEXANDER DAVILA-PEREZ | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Matthew Kreush, having been duly sworn, depose and state as follows:

### INTRODUCTION

1. I make this Affidavit in support of a criminal complaint, charging DARWIN ALEXANDER DAVILA-PEREZ with a violation of Title 18, United States Code, Section 111(a)(1), which prohibits forcibly assaulting, resisting, opposing, impeding or interfering with - involving physical contact - certain officers or employees who were engaged in or on account of the performance of official duties, on or about December 17, 2025.

### AFFIANT'S BACKGROUND

2. I am a Special Agent with Homeland Security Investigations (HSI) Immigration and Customs Enforcement (ICE) within the United States Department of Homeland Security (DHS) and have been so employed since July 2023. I am currently assigned to the Pittsburgh Office and am trained and authorized to investigate federal offenses, such as those alleged herein. Prior to my employment with HSI, I was an Intelligence Analyst for the National Cyber Forensic and Training Alliance, and I was an Agent for the Pennsylvania Office of the Attorney General, Bureau of Consumer Protection.

3. In my capacity as a HSI Special Agent, I am authorized to investigate civil and criminal violations of the Immigration and Nationality Act (INA), as amended, Title 8, United States Code, as well as other federal crimes. I have received specialized training and conducted

investigations related to violations of the INA.

4. Your Affiant is aware that 18 U.S.C. § 111 states, in part, as follows:

(a) In General.—Whoever—

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties
. . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

5. The facts set forth in this Affidavit are based upon my personal knowledge, training and experience, my review of documents, records, and evidence obtained during this investigation and information obtained from other law enforcement officers and investigators.

6. Because this Affidavit is submitted for the limited purpose of supporting probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this matter.

## FACTS ESTABLISHING PROBABLE CAUSE

7. The Department of Homeland Security, Immigrations and Customs Enforcement (ICE) was informed that Darwin Alexander Davila-Perez (DAVILA-PEREZ) had attempted to purchase a firearm from a federal firearms licensee (FFL) in the Western District of Pennsylvania, claiming to be a United States citizen. The firearm sale had been denied by the FFL as DAVILA-PEREZ is a citizen and national of Nicaragua with no legal status to be present in the United States.

8. Based on this information, on December 17, 2025, ICE Deportation Officers P.B. and D.V. conducted field operations in the Mount Washington area of Pittsburgh, Pennsylvania in an attempt to locate and apprehend DAVILA-PEREZ.

9. In connection with this operation, Officers P.B. and D.V. observed DAVILA-PEREZ exit his residence and enter a white Toyota Tacoma. DAVILA-PEREZ was the sole occupant of the vehicle, and he began to drive north up Norton Street. Officers P.B. and J.V. conducted a vehicle stop on the Tacoma, activating their emergency equipment, with Officer P.B. pulling in front of the Tacoma and Officer D.V. pulling behind the vehicle.

10. Officer P.B. got out of his vehicle and walked towards DAVILA-PEREZ's vehicle with his agency body armor and badge displayed. At that moment, DAVILA-PEREZ reversed his vehicle, causing it to collide into Officer D.V.'s vehicle, with Officer D.V. still inside. DAVILA-PEREZ then fled his vehicle on foot, exiting through the passenger side, and running onto an adjacent home's front porch. Officer P.B. was able to get on to the porch DAVILA-PEREZ was on and while attempting to handcuff him, DAVILA-PEREZ struck Officer P.B. in the face with his elbow.

11. DAVILA-PEREZ was able to get back on his feet and attempted to flee from the porch. When Officer P.B. attempted to secure one of DAVILA-PEREZ's arms, DAVILA-PEREZ rolled onto his side and reached with his free hand toward the holster to Officer P.B.'s service weapon. The Officers continued to wrestle with DAVILA-PERZ, causing both the Officers and DAVILA-PEREZ to fall into a hand railing and into the street.

12. DAVILA-PEREZ remained noncompliant and was able to get back on his feet once again. As Officer P.B. attempted to take DAVILA-PEREZ back to the ground to regain control, DAVILA-PEREZ bit Officer P.B.'s right forearm. Officer D.V. then deployed his OC spray in an attempt to subdue DAVILA-PEREZ.

13. Officers were able to get DAVILA-PEREZ on the ground, but he continued to resist arrest and tried to lay on top of his hands. Officer P.B. was able to gain control of DAVILA's left

3

hand and place one handcuff on DAVILA-PEREZ, who then pulled his hand away and swung the handcuffs at the Officers, striking Officer D.V. in the forehead. DAVILA-PEREZ continued to actively resist, but Officers D.V. and P.B. ultimately gained control of DAVILA-PEREZ's hands and placed him in handcuffs.

14. Throughout this incident, Officers P.B. and D.V. gave commands to DAVILA-PEREZ, such as to stop and to give up his hands, in both English and Spanish. Yet, DAVILA-PEREZ actively resisted, ignored their commands, and remained noncompliant until he was secured and in handcuffs, which required the Officers to use physical force.

15. Deportation Officer D.V. suffered a contusion on his forehead where DAVILA-PEREZ struck him with the handcuffs. Deportation Officer P.B. had abrasions and a bite mark on his right forearm, which were sustained during this incident, resulting in Officer P.B. receiving medical attention.

16. Both Officer P.B. and Officer D.V., as Deportation Officers with Immigration and Customs Enforcement, are officers and employees of the United States government, as designated in Section 1114 of Title 18, and both Officers were engaged in and on account of their official duties during the incident.

## CONCLUSION

17. Based on the foregoing, your Affiant submits that there is probable cause to believe that on or about December 17, 2025, in the Western District of Pennsylvania, DAVILA-PEREZ, did forcibly assault, resist, oppose, impede or interfere with and physically contacted a person designated in section 1114 of Title 18, United States Code, that is, an officer or an employee of the United States or of any agency in any branch of the United States Government, in violation of 18 U.S.C. § 111(a)(1).

The above information is true and correct to the best of my knowledge, information, and belief.

/s/ Matthew Kreush
MATTHEW KREUSH
Special Agent
Homeland Security Investigations

Sworn and subscribed to me, by telephone,
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 23rd day of December 2025.

_____
Honorable Patricia L. Dodge
United States Magistrate Judge